UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| PETER MORRISSETTE, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV422-024 |
| | ) | |
| SUPERIOR COURT OF LIBERTY COUNTY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Peter Morrissette, II has filed the instant petition for release from state custody, pursuant to 28 U.S.C. § 2241. *See generally* doc. 1. He has also moved to proceed *in forma pauperis*. *See* doc. 2. Although he does not appear indigent, *see* doc. 2 at 2 (disclosing a $500.00 checking account balance), payment of the filing fee is not jurisdictional. *See, e.g., White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020). The Court will, therefore, proceed to screen the petition.[1] *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from

---

[1] The Clerk is **DIRECTED** to **TERMINATE** the pending motion for leave to proceed *in forma pauperis*. Doc. 2.

1

the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[2]

Morrissette's petition indicates that he is a pretrial detainee in the custody of Liberty County, Georgia authorities. *See* doc. 1 at 1. He asserts only one ground that his continued detention is unconstitutional: that he has "been incarcerated for over one year and six months . . . without being indicted." *Id.* at 6. The petition also makes clear that Morrissette has not taken any step to challenge his continued detention in any state proceeding. *See id.* at 2 (checking "No," in response to the form petition's question "Did you appeal the decision, file a grievance, or seek an administrative remedy?"), 5 (leaving blank the section of the form petition inquiring about "any other petition, application, or motion about the issues raised in this petition."). He asks that he be released and for his "case to be dropped." *Id.* at 9.

Because Morrissette is a state pre-trial detainee, his petition is governed by 28 U.S.C. § 2241. *See Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th

---

[2] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

Cir. 2003)). The United States Supreme Court has recognized that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 489 (1973). This is consistent with the Eleventh Circuit's recognition that § 2241 petitions are governed by the common law requirement, grounded in principles of federalism, that federal habeas petitioners must first exhaust their state judicial remedies. *Thomas*, 371 F.3d at 812-13 (Tjoflat, J. concurring). However, after the *Thomas* decision, the Eleventh Circuit held that exhaustion of *administrative remedies* is not jurisdictional. *See, e.g., Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015).[3] The Court has been

---

[3] *Santiago-Lugo*, and other Eleventh Circuit cases applying its exhaustion analysis, discuss the requirement that petitioners exhaust administrative remedies provided by prisons, rather than state judicial remedies. *See, e.g., id.* at 470-71 (petition at issue "sought relief on due process grounds from disciplinary sanctions"); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 854 (11th Cir. 2020) (petitioner raised "a host of claims about her disciplinary proceedings"); *Shorter v. Warden*, 803 F. App'x 332, 333-34 (11th Cir. 2020) (petition seeking "an order directing the [United States] Bureau of Prisons to recalculate her good-time credits . . ."); *United States v. Leverette*, 721 F. App'x 916, 916-17 (11th Cir. 2018) (petition concerning credit for time-served); *Davis v. Warden, FCC Coleman—USP I*, 661 F. App'x 561, 562-63 (11th Cir. 2016) (petition concerning disciplinary action). Since the administrative exhaustion requirement, at least, is non-jurisdictional, its application prior to a responsive pleading is questionable, at best. *See Blevins*, 819 F. App'x at 856 ("If an inmate fails to exhaust her administrative remedies *and the respondent raises the issue* in the district court, the district court may not grant relief on the inmate's petition." (citing

3

unable to find any binding authority applying a mandatory exhaustion requirement for state *judicial* remedies, as distinct from the non-jurisdictional *administrative* exhaustion requirement. It remains unclear, therefore, whether a district court may dismiss a § 2241 petition on exhaustion grounds, prior to service on the respondent, where it appears that the petitioner has not exhausted available state judicial remedies.

Although the application of an "exhaustion" requirement in this context is not clear, this Court should abstain from hearing this case pursuant to the Supreme Court's opinion in *Younger v. Harris*, 401 U.S. 37 (1971). The Eleventh Circuit has recently denied a Certificate of Appealability in a state pre-trial detainee's habeas proceeding, concluding that "reasonable jurists would not debate" that dismissal of a § 2241 petition was proper, pursuant to *Younger*. *See Lewis v. Broward Cnty. Sheriff Office*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). The Court explained that "when a petitioner seeks federal habeas relief prior

---

*Santiago-Lugo*, 785 F.3d at 475) (emphasis added)). As discussed below, dismissal of Morrissette's petition does not depend upon the application of the "exhaustion" requirement, but upon *Younger* abstention. Since the abstention doctrine vindicates the same principles of comity and federalism that a judicial exhaustion requirement would, the Court need not analyze whether §2241 maintains a judicial, as opposed to administrative, exhaustion requirement.

4

to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief.'" *Id.* (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262).

"The Supreme Court set out three exceptions to the [*Younger*] abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised." *Lewis,* 2021 WL 5217718, at * 1 (citing *Younger*, 401 U.S. at 45, 53-54). The court concluded: "Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceeding." *Id.* (citing *Younger*, 401 U.S. at 49). Although *Braden* recognized that speedy trial rights—not wholly unlike the delayed indictment alleged here—may be pursued through a pretrial federal habeas petition, courts have declined to intervene when the petition seeks dismissal of the pending charges, rather than immediate trial. *See In re Justices of Sup. Ct. Dept. of Mass.*

5

*Trial Ct.*, 218 F.3d 11, 17 n. 5 (1st Cir. 2000) (citing *Braden* and *Carden v. Montana*, 626 F.2d 82, 84-85 (9th Cir. 1980)).

Georgia law provides a remedy for a pretrial detainee who is not timely indicted. "Any person who is arrested for a crime and who is refused bail shall, within 90 days after the date of confinement, be entitled to have the charge against him or her heard by a grand jury having jurisdiction over the accused person . . . ," with limited exception. O.C.G.A. § 17-7-50. "In the event no grand jury considers the charges against the accused person within the 90 day period of confinement or within the extended period of confinement where such an extension is granted by the court, the accused shall have bail set upon application to the court." *Id.*; *see also Rainwater v. Langley,* 587 S.E.2d 18, 20 (Ga. 2003) ("Under O.C.G.A. § 17-7-50, bail must be set by the trial judge if a person is arrested and incarcerated for more than 90 days without bail *and* without indictment."); *Rawls v. Hunter*, 475 S.E.2d 609, 609 (Ga. 1996) ("The language of this statute [O.C.G.A. § 17-7-50] is unambiguous. If the state refuses bail to an incarcerated person, then the state must

present its case to a grand jury for indictment within 90 days.  If the state fails to do this, then bail is mandatory.").

Since it is clear from Morrisette's petition that his continued detention by state authorities, without indictment or bail, could be raised in a state forum, the Court should abstain from exercising jurisdiction over this case, pursuant to *Younger*.  Accordingly, the petition should be **DISMISSED**.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 4th day of February, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA